**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**

ANTONIO FONTAINE,

*Plaintiff*,

v.

TONY PARKER, DOUGLAS STEPHENS, MIKE PARIS, and JANE JONES,

*Defendants*.

Case No. 3:20-cv-217

Judge Travis R. McDonough

Magistrate Judge H. Bruce Guyton

---

## MEMORANDUM OPINION

---

Plaintiff, a prisoner of the Tennessee Department of Correction ("TDOC"), has filed a motion for leave to proceed *in forma pauperis* (Doc. 5), a signed affidavit in support thereof (Doc. 5-1), and a pro se complaint for violation of 42 U.S.C. § 1983 arising out of his allegations that the TDOC has a policy under which it automatically deducted his earned sentence credits due to disciplinary write ups without due process and that Defendant Stephens improperly denied his request for a declaratory order regarding this issue (Doc. 1, at 4, 6–11, 15–22). For the reasons set forth below, Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 5) will be **GRANTED** and this action will be **DISMISSED** because the complaint fails to state a claim upon which relief may be granted under § 1983.

### I. FILING FEE

First, it appears from Plaintiff's motion for leave to proceed *in forma pauperis* and the signed affidavit that he lacks sufficient financial resources to pay the filing fee. (*See* Docs. 5, 5-

1.)[1] Accordingly, pursuant to 28 U.S.C. § 1915, the motion for leave to proceed *in forma pauperis* (Doc. 5) will be **GRANTED**.

Because Plaintiff is an inmate in the Morgan County Correctional Complex, he will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 160, Knoxville, Tennessee 37902, twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) has been paid to the Clerk. 28 U.S.C. §§ 1915(b)(2) and 1914(a).

To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution. The Clerk also will be **DIRECTED** to provide a copy to the Court's financial deputy.

## II. SCREENING

### A. STANDARD

Under the Prison Litigation Reform Act, district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.*, 28 U.S.C. §§ 1915(e)(2)(B), 1915(A). The dismissal standard articulated by the Supreme Court in *Ashcroft*

[1] Plaintiff failed to sign the application to proceed *in forma pauperis* he filed with his complaint. (*See* Doc. 5, at 2.) However, Plaintiff also included a signed affidavit with this same filing that contains the same substantive information as the *in forma pauperis* application. (*See* Doc. 5-1.) Thus, the Court construes these documents together and finds that Plaintiff has filed the required documents to proceed *in forma pauperis*.

*v. Iqbal*, 556 U.S. 662 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

**B. Analysis**

As set forth above, Plaintiff's complaint arises out of his allegation that the TDOC has a policy under which it automatically deducted his earned sentence credits due to disciplinary write ups without notifying him that it was doing so and that Defendant Stephens improperly denied his request for a declaratory order regarding this issue.[2] (Doc. 1, at 4, 6–11, 15–22.) Based on these allegations, Plaintiff seeks monetary compensation for the extra time he alleges

---

[2] Plaintiff specifically alleges that Defendant Stephens improperly denied Plaintiff's request for a declaratory order regarding the improper deduction of his sentencing credits by incorrectly stating that the request was untimely. (Doc. 1, at 16.) However, the letter from Defendant Stephens that Plaintiff filed with his complaint, in which Defendant Stephens denied Plaintiff's request for a declaratory order, establishes that Defendant Stephens primarily denied Plaintiff's request because it concerned a TDOC policy that is not subject to the declaratory-order process. (*Id.* at 31.) Regardless, as the only relief that Plaintiff seeks from Defendants in this action is compensation for the extra time he must serve because of TDOC's policy of automatically deducting sentencing credits after disciplinary write-ups without notice to the inmate, and nothing suggests that Plaintiff's relevant disciplinary write-ups have been invalidated in any way, all of his claims herein are barred under *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005), and *Edwards v. Balisok*, 520 U.S. 641, 648 (1997).

he will serve and/or has served as a result of the loss of these credits, as well as procedural relief within this lawsuit. (*Id.* at 22–23.)

However, even if the Court accepts as true Plaintiff's allegation that application of the TDOC policy of deducting an inmate's earned sentencing credits without notice to the inmate violated Plaintiff's constitutional rights and the duration of Plaintiff's confinement is therefore invalid due to his loss of earned sentencing credits, nothing in Plaintiff's complaint suggests that any of Plaintiff's relevant disciplinary write-ups have been invalidated in any way. Accordingly, his claims are not cognizable under § 1983. *Wilkinson*, 544 U.S. at 81–82 (finding that an inmate's "§ 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration"); *Edwards*, 520 U.S. at 648 (holding that a prisoner cannot use § 1983 to challenge prison procedures employed to deprive him of good-time credits when the procedural defect alleged "would, if established, necessarily imply the invalidity of the punishment imposed").

Also, while Plaintiff does not appear to seek early release and/or to have Defendants undo the deduction of his sentencing credits so that he can be released earlier, to the extent that his complaint could be construed to assert such a claim, it is not cognizable under § 1983, but rather must be filed in a petition for a writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding inmate alleging entitlement to speedier release must pursue such relief through habeas action).

Accordingly, even liberally construed in Plaintiff's favor, the complaint fails to state a claim for which relief may be granted under § 1983, and this action will be **DISMISSED**.

## III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* (Docs. 5) will be **GRANTED**;

2. Plaintiff will be **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk will be **DIRECTED** to mail a copy of this memorandum opinion and the accompanying order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to furnish a copy of this order to the Court's financial deputy;

5. Even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983;

6. Accordingly, this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); and

7. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**/s/ *Travis R. McDonough***
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**